**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LUPITA HOLGUIN-STRUTHERS,<br>Appellant, | DOCKET NUMBER<br>SF-0752-23-0434-I-1 |
| v. | |
| SOCIAL SECURITY<br>ADMINISTRATION,<br>Agency. | DATE: March 19, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Donald Struthers, Spokane, Washington, for the appellant.

Chad M. Troop, Esquire, Baltimore, Maryland, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her alleged involuntary retirement appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to further address the appellant's contention that the agency delayed its denial of her reasonable accommodation request, we AFFIRM the initial decision.

## BACKGROUND

The agency employed the appellant as a GS-5 Claims Assistant in the agency's Spokane Field Office in Spokane, Washington. Initial Appeal (IAF), Tab 1 at 1, 9, 12. Her daily duties included clerical tasks such as processing mail, scanning, and processing checks and money orders. IAF, Tab 13 at 96-103. She also performed some reception services. *Id*. at 98. She and many other agency employees teleworked during the pandemic, but effective March 30, 2022, the agency reopened the Spokane Field Office. *Id*. at 112-14, 170, 198-99.

The appellant requested a reasonable accommodation on February 11, 2022, including, as relevant here, full-time telework. *Id*. at 210-12. By letter dated February 17, 2022, her second-level supervisor advised the appellant that her position was not telework-eligible. *Id*. at 194-95, 206. On March 15, 2022, the appellant's doctor completed documentation stating that the appellant's severe anxiety was triggered in the office, impacting her ability to concentrate and do her job. *Id*. at 214-17. On March 24, 2022, the appellant's first-level supervisor sent the appellant an email advising her that she would "continue teleworking

full-time until the reasonable accommodation request [was] decided." IAF, Tab 6 at 19. The following day, the appellant's second-level supervisor sent the appellant an email stating that he was "unable to provide [her] with an interim accommodation" that included telework. *Id.* at 20. Rather than return to the office on March 30, 2022, the appellant began a period of Family Medical and Leave Act (FMLA)—protected leave on that date. IAF, Tab 6 at 22, Tab 13 at 64-65. In May 2022, she submitted medical notes reflecting that she was at risk for serious illness if exposed to COVID-19, and that she was "unable to perform the essential functions" of her position. IAF, Tab 13 at 223-24.

The agency's acting National Reasonable Accommodation Coordinator (RAC) denied the appellant's request for full-time telework on June 19, 2022, for a number of reasons, including that the agency was not required to eliminate the appellant's essential in-office duties of processing and scanning mail and providing reception services to accommodate the appellant. IAF, Tab 13 at 108-11. The appellant's doctor cleared her to work part-time on July 11, 2022, and then full-time starting on July 18, 2022, with no mail or scanning duties, prolonged standing, or repetitive upper-body motion. *Id.* at 225, 229. The appellant returned to the office on July 11, 2022. IAF, Tab 1 at 6, Tab 6 at 24.

On July 29, 2022, the appellant submitted a note from her medical doctor, requesting that the appellant not be assigned mailing or scanning duties, or other duties requiring prolonged standing or repetitive upper-body motion. IAF, Tab 13 at 230-31, 233. That same day, the appellant told her first-level supervisor that there were no accommodations or equipment that would enable her to process mail. *Id.* at 230, 242. The appellant then called her husband to pick her up and never returned to work. *Id.* at 237, 242.

The appellant advised her first-level supervisor on August 8, 2022, that she was resigning effective July 31, 2022, and requesting disability retirement "due to a serious health condition," which prevented her from "meet[ing] the expectations as Claims Assistant." *Id.* at 234-35. Despite her statement about disability

retirement, the agency processed a Standard Form 50 reflecting the appellant's retirement under a "special option" of early-out retirement. *Id.* at 95. According to the appellant, the agency only offered her the early-out retirement option. IAF, Tab 1 at 6, Tab 6 at 11, 28. The appellant filed the instant appeal alleging that her retirement was involuntary. IAF, Tab 1.

The administrative judge issued an order that informed the appellant of her burden of proving the Board's jurisdiction over her alleged involuntary retirement claim and directed her to file evidence and argument to support her claim. IAF, Tab 3. The appellant responded, and the agency replied. IAF, Tabs 6, 13.

The administrative judge issued an initial decision, which dismissed the appeal for lack of jurisdiction on the written record. IAF, Tab 14, Initial Decision (ID) at 1, 13. She found that the appellant failed to nonfrivolously allege that her retirement was involuntary based on the agency's denial of her request for full-time telework. ID at 9-11. The administrative judge reasoned that the appellant did not allege how full-time telework would enable her to perform the essential functions of her position. ID at 11. The administrative judge also found that the appellant failed to nonfrivolously allege that her retirement was involuntary based on a hostile work environment. ID at 12-13.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition for review, and the appellant has replied.[2] PFR File, Tabs 5, 8.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant has not nonfrivolously alleged that her retirement was involuntary based on the agency's denial of her reasonable accommodation request.</u>

The appellant reasserts on review that her retirement was the result of the agency's wrongful denial of full-time telework as an accommodation. PFR File, Tab 1 at 8. An employee-initiated action, such as a retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement, however, is equivalent to a removal and therefore within the Board's jurisdiction. *Id*.

To prove that her retirement amounted to a constructive removal, the appellant must show that (1) she lacked a meaningful choice in the matter, and (2) it was the agency's wrongful actions that deprived her of that choice. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). If the appellant makes a nonfrivolous allegation of fact that, if proven, could establish these two elements,

---

[2] A reply is limited to the factual and legal issues raised by another party in the response to the petition for review. 5 C.F.R. § 1201.114(a)(3). It may not raise new allegations of error. *Id.* Accordingly, we will not consider arguments first raised by the appellant in her reply, such as her assertions regarding prior incidents of "hostile attitudes" in the workplace. PFR File, Tab 8 at 6-9; *see Lin v. Department of the Air Force*, 2023 MSPB 2, ¶ 8 n.4 (declining to consider new arguments that were first raised in a reply brief). The appellant also submits two documents with her reply. PFR File, Tab 8 at 19-20. One of the documents is already part of the record below, and the other document is an award recognizing the appellant's performance. PFR File, Tab 8 at 19-20; IAF, Tab 6 at 28. As such, we do not consider them further here. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence submitted on review that was included in the record below and considered by the administrative judge is not new).

then she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence. *See Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016); *Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 12 n.5 (2016) (defining nonfrivolous allegations of Board jurisdiction as allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue). In determining whether the appellant's submissions set forth a nonfrivolous allegation of jurisdiction entitling her to a hearing, an administrative judge may consider an agency's documentary submissions; however, to the extent the agency's evidence contradicts the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions, and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

When, as here, allegations of discrimination and reprisal are alleged in connection with a determination of voluntariness, such evidence may only be addressed insofar as it relates to the issue of voluntariness and not whether the evidence would establish discrimination or reprisal as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). In other words, even if an agency's actions are discriminatory, the appellant still must show how those actions coerced her resignation. *See Tripp v. Department of the Air Force*, 59 M.S.P.R. 458, 461 (1993). Thus, an agency's failure to accommodate an eligible employee is a factor to be considered in assessing whether a retirement was involuntary. *Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 16, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). To prevail on a claim that the agency denied her a reasonable accommodation, an appellant must prove that she is a qualified individual with a disability, meaning that she can "perform the essential functions" of her position or one she desires with or without reasonable accommodation. 42 U.S.C. §§ 12111(8), 12112(b)(5); *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29.

The administrative judge concluded that the appellant's essential job duties included processing incoming and outgoing mail and scanning and assigning matters in the agency's "WorkTrack" system.[3] ID at 2, 4, 10-11. On review, the appellant argues only that she was not responsible for outgoing mail. PFR File, Tab 1 at 14, 17. However, even if true, she does not explain how the elimination of outgoing mail processing requirements would have made it possible to perform her remaining job duties, such as scanning or processing incoming mail. *Id.*

The administrative judge concluded that the appellant failed to allege that her requested accommodation of full-time telework would enable her to perform the essential functions of her position.[4] ID at 10-11. The parties do not disagree. We discern no basis to disturb that finding.[5]

The appellant's May 19, 2022 doctor's note explicitly stated that the appellant "is unable to perform the essential job functions as [C]laims

---

[3] The parties have not explained what the WorkTrack system is. Based on its name and the fact that matters are scanned and assigned in the system, we assume for purposes of our analysis here that it is a document storage and work tracking system.

[4] The appellant argues that the agency violated its agencywide reentry plan when it found her position ineligible for telework. PFR File, Tab 1 at 8; IAF, Tab 13 at 198-209. She states that her position was not on the list of ineligible telework positions contained in the plan. PFR File, Tab 1 at 8. Because we agree with the administrative judge that the Board lacks jurisdiction over the appellant's claim of alleged involuntary retirement, we cannot review this harmful error claim. *See Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012) (finding that, in the absence of an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error and prohibited personnel practices).

[5] On review, the appellant requests that the Board issue a discovery order instructing the agency to provide additional information regarding when the February 17, 2022 letter advising her that her position was not telework-eligible was posted to her electronic file. PFR File, Tab 1 at 6. Below, the agency filed an unopposed motion to stay discovery until a determination had been made on the jurisdictional issue, which the administrative judge granted. IAF, Tab 10 at 6, Tab 11. The appellant did not object to this ruling below and therefore is precluded from doing so on review. *Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Regardless, the appellant does not claim she was unaware of the determination reflected in that letter that her position was not telework-eligible. In fact, she requested the reasonable accommodation of continued full-time telework on February 11, 2022, evidencing her knowledge that the arrangement was coming to an end. IAF, Tab 13 at 210-11.

[A]ssistant." IAF, Tab 13 at 223. The agency offered and the appellant accepted reasonable alternatives to full-time telework, such as the use of liberal sick leave, a flexible break schedule, her own permanent cubicle space, and a chair for her to sit in at the mail room table. *Id.* at 106. However, the appellant maintained that these accommodations were not effective and that she could not complete the "mail duties" as required by the position. *Id.* at 229-31, 233, 235. Thus, the appellant has not nonfrivolously alleged that she was a qualified individual with a disability. *See Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 34 (2014) (concluding that an appellant was not a qualified individual with a disability and therefore did not prove her claim that the agency wrongfully denied her reasonable accommodation).

Although the appellant argues on review that she was not offered reassignment, she does not allege that she requested reassignment or that she identified a position to the agency that she desired. PFR File, Tab 1 at 8-9; *see Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶¶ 3-4, 18 (2015) (indicating that an appellant failed to engage in the interactive process when he did not, in relevant part, identify any vacant, funded position to which the agency might have reassigned him), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). Nor does she claim that she sought reconsideration of the denial of her accommodation request, as the RAC invited her to do. IAF, Tab 13 at 111. Instead, the appellant submitted her retirement application. The appellant had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign, but she chose the latter. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009).

Although it appears that the appellant argued that the agency should have permanently reassigned her essential in-office duties to other employees and allowed her to telework full-time from home, the agency was under no obligation to remove or reassign the essential duties of the appellant's position to other employees to accommodate her restrictions. PFR File, Tab 1 at 23, 25; IAF,

Tab 13 at 50; *see Henry v. Department of Veterans Affairs*, 100 M.S.P.R. 124, ¶ 13 (2005) (stating that excusing an individual from performing an essential function of her position is not a reasonable accommodation). In light of the above, the appellant has not nonfrivolously alleged that her retirement was involuntary based on the agency's denial of her reasonable accommodation request.

<u>We modify the initial decision to find that the appellant did not make a nonfrivolous allegation of jurisdiction based on her contention that the agency wrongfully failed to provide an interim accommodation or took too long to respond to her reasonable accommodation request.</u>

The appellant realleges on review that on March 25, 2022, the agency failed to accommodate her when it refused to grant her interim reasonable accommodation request for full-time telework while her request for full-time telework was pending. PFR File, Tab 1 at 7-8; IAF, Tab 13 at 218-19. The administrative judge did not make an explicit finding regarding this claim; thus, we address it here and modify the initial decision accordingly.

Equal Employment Opportunity Commission (EEOC) regulations provide that:

> [W]hen all the facts and circumstances known to the agency make it reasonably likely that an individual will be entitled to a reasonable accommodation, but the accommodation cannot be provided immediately, the agency shall provide an interim accommodation that allows the individual to perform some or all of the essential functions of his or her job, if it is possible to do so without imposing undue hardship on the agency . . . .

29 C.F.R. § 1614.203(d)(3)(i)(Q). As discussed above, we agree with the administrative judge's finding that the appellant's requested accommodation for full-time telework would not allow her to perform the essential functions of her position. ID at 10-11; IAF, Tab 13 at 105. This also applies to the appellant's interim request for full-time telework. The appellant concedes on review that this interim accommodation would not allow her to perform her essential duties, arguing instead that it would have enabled her to perform "some but not all of the

essential functions of [her] job." PFR File, Tab 1 at 8. She faults her second-level supervisor for "insist[ing] that [she] perform a specific duty of [her] essential job functions." *Id.* She has not identified any facts suggesting that it was reasonably likely that she was entitled to full-time telework as a reasonable accommodation in March 2022. IAF, Tab 6 at 20. Therefore, the appellant has failed to allege that the agency's actions denying her interim request for full-time telework were wrongful. *Bean*, 120 M.S.P.R. 397, ¶ 8.

Regarding the appellant's assertion that the agency took too long to respond to her reasonable accommodation request, the administrative judge found that the appellant did not nonfrivolously allege that any delay in the agency's decision to deny the appellant telework was coercive because her allegations were too vague. ID at 12. On review, the appellant also claims that the agency took too long to deny her reasonable accommodation request under its policies. PFR File, Tab 1 at 16-17. She alleges that per that policy, the agency had 45 days to issue a decision, absent extenuating circumstances. *Id.* at 16.

EEOC regulations provide that the agency will "[d]esignate the maximum amount of time" allowed to provide or deny a requested accommodation, "absent extenuating circumstances." 29 C.F.R. § 1614.203(d)(3)(i)(M). Depending on the circumstances, a delay can violate an employer's obligation to provide reasonable accommodation. EEOC, Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA, Question 10 (Oct. 17, 2002). Factors relevant to the reasonableness of the delay include the reasons for the delay, its length, the extent to which the employer and employee "each contributed to the delay," the agency's actions during the delay, and the difficulty of providing the accommodation. *Id.*, Question 10 n.38.

The appellant first requested full-time telework as a reasonable accommodation on February 11, 2022, and first provided medical documentation on March 15, 2022. IAF, Tab 13 at 210-17. On March 24, 2022, the appellant's first-level supervisor discussed the appellant's request with her and offered her

alternative accommodations, such as liberal leave usage and a chair to sit in for mail processing. *Id.* at 151, 218, 220-21. However, the appellant did not agree to return to the office at that time. *Id.* at 220-21. On March 30, 2022, the day she was scheduled to return to the office, she began a period of leave. IAF, Tab 6 at 22, Tab 13 at 64-65, 106. She did not return to work until July 11, 2022. IAF, Tab 1 at 6, Tab 6 at 24.

On May 20, 2022, while on leave, the appellant submitted medical notes reflecting that she was at risk for serious illness if exposed to COVID-19, and that she was "unable to perform the essential functions" of her position. IAF, Tab 13 at 223-24. The RAC subsequently denied the appellant's request for full-time telework on June 19, 2022. *Id.* at 108-11. The appellant was not medically cleared to return to work by her health care provider until after the agency issued its decision. *Id.* at 225.

The appellant's leave status beginning March 30, 2022, effectively suspended the interactive process through May 20, 2022. IAF, Tab 13 at 151. Once the agency received updated medical documentation from the appellant on May 20, 2022, it acted reasonably in denying her request for full-time telework 30 days later, on June 19, 2022. *Id.* at 108. This response period is consistent with the agency's policy of making a "final decision on [a reasonable accommodation request] . . . no later than 45 days after the request is made" after taking into account "extenuating circumstances" and outstanding requests for medical documentation. Social Security Administration, Office of Personnel, Reasonable Accommodation Program, § 5.6 (Sept. 2023), https://www.ssa.gov/eeo/documents/RA/S1630_1%20RA%20Policy%20-%20ASB%20Certified.pdf (last visited March 19, 2026). Further, the EEOC has found that an agency did not violate the Rehabilitation Act by taking 4 months to deny an employee's request for telework, during which period the agency requested and received additional medical documentation from the appellant and met with her regarding her request. *Kayce L. v. Department of Veterans Affairs*,

EEOC Appeal No. 2020004588, 2022 WL 4545791, at *2 (Aug. 23, 2022). Accordingly, we find that the appellant has not nonfrivolously alleged that her retirement was involuntary based on the agency's alleged delay in denying her full-time telework request.

We discern no basis for disturbing the administrative judge's findings regarding the appellant's claim that her retirement was involuntary based on intolerable working conditions.

On review, the appellant maintains that the agency created a hostile work environment that forced her to retire because (1) she was isolated and rejected by management when she returned to the office in July 2022, such as when her second-level supervisor told her she had a "vacation" while teleworking; (2) there was "widespread non-compliance of the mask wearing policy," which caused her "daily fear and unnecessary stress," and the agency "showed no gesture of compassion or good faith toward [her]"; and (3) the RAC failed to give her paperwork during a prior EEO case and failed to document a meeting in which the appellant shared past wrongs with her. PFR File, Tab 1 at 12-13, 19, Tab 8 at 10-11, 19-12; IAF, Tab 1 at 6-7. The administrative judge found below that the appellant failed to nonfrivolously allege that her retirement was involuntary based on a hostile work environment. ID at 12.

The appellant alleged, as discussed above, that she was forced to retire because she was unable to perform the essential functions of her job, even with accommodation. IAF, Tab 1 at 6, Tab 6 at 7. She further explained that she had run out of accrued leave. IAF, Tab 1 at 6. On review, she argues that she had to retire because she was in a leave without pay status and could not afford her health insurance premiums. PFR File, Tab 1 at 12. She further expresses that, due to her severe health conditions, had she continued working she "strongly believe[s] . . . [she] would be dead by now." *Id.* This assertion echoes her statement in her retirement letter that she was "unable to meet the expectations as Claims Assistant while struggling with [her] illnesses." IAF, Tab 13 at 235.

Taking the appellant's allegations as true, her inability to perform her job duties and the exhaustion of accrued leave were the proximate cause of her decision to retire. Thus, she has not nonfrivolously alleged that her working conditions between July 11, 2022, when she returned to the office, and July 29, 2022, when she ceased coming to work, caused her to retire. We agree with the administrative judge that, because the Board lacks jurisdiction over the appellant's retirement, it also lacks jurisdiction over her discrimination and reprisal claims. ID at 13; *Schumert v. U.S. Postal Service*, 41 M.S.P.R. 350, 352 (1989) (concluding that the Board lacks jurisdiction to review claims of discrimination and reprisal in connection with a voluntary resignation).

Accordingly, we find that the administrative judge correctly dismissed this appeal for lack of jurisdiction.[6]

---

[6] On review, the appellant realleges that the agency misinformed her that she needed to retire first, seek Social Security Disability Insurance Benefits, and then apply for a disability retirement annuity later. PFR File, Tab 1 at 9-11. The administrative judge advised the appellant that she could raise a claim of retirement based on alleged misleading statements, but the appellant has not alleged that any confusion surrounding her retirement options caused her to retire. IAF, Tab 3 at 2; *see Bean*, 120 M.S.P.R. 397, ¶ 9 (explaining that the Board has jurisdiction over a retirement based on an agency's incorrect advice). Instead, she indicated that she elected to retire first, and the agency only offered her the option of "early out retirement with no questions." IAF, Tab 6 at 13. The Board has jurisdiction over appeals from final decisions of the Office of Personnel Management (OPM) in administering the Federal retirement systems. *Lua v. Office of Personnel Management*, 102 M.S.P.R. 108, ¶ 8 (2006). If the appellant applied for disability retirement and believes OPM improperly denied that request, she may wish to file a Board appeal of OPM's decision. *See Angel v. Office of Personnel Management*, 122 M.S.P.R. 424, ¶ 5 (2015) (setting forth the requirements to qualify for a disability retirement under the Federal Employees' Retirement System). We express no view here as to the timeliness of, or the Board's jurisdiction over, any such appeal.

**NOTICE OF APPEAL RIGHTS**[7]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017.  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.